UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROY STEVEN SALDANA,<br><br>    Defendant. | Case No. 1:16-cr-116-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Saldana's motion for compassionate release. For the reasons explained below, the Court will deny the motion.

# BACKGROUND

On December 19, 2016, Saldana plead guilty to conspiracy to distribute methamphetamine and was sentenced to 151 months. He was sentenced as a career offender because he had three prior convictions for trafficking methamphetamine. He has served about 48 months – or roughly 31% – of that sentence. Without compassionate release, the BOP projects that he will be released on March 11, 2027.

Saldana seeks compassionate release from his sentence of incarceration. The Government and the Probation Office object to the motion.

# LEGAL STANDARD

Saldana brings this motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). A motion for compassionate release may be made by either the Director

**Memorandum Decision & Order – page 1**

of the Bureau of Prisons or by a defendant who has fully exhausted administrative remedies within the Bureau of Prisons (BOP).  In order to modify a sentence and grant compassionate release, a district court must engage in a three-step process. First, it must consider the 18 U.S.C. § 3553(a) factors. Second, the court must find that "extraordinary and compelling reasons warrant such a reduction." See 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has determined that "extraordinary and compelling reasons" to release a defendant from BOP custody include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.  See USSG § 1B1.13. Third, the Court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." See 18 U.S.C. § 3582(c)(1)(A).

## ANALYSIS

Saldana is 57 years old.  He suffers from (1) a malignant tumor in his liver that must be monitored with MRIs twice a year; (2) type 2 diabetes; and (3) a benign but painful tumor in his back, which also must be monitored.  He claims the monitoring is not being done by BOP and that he has not had an MRI in more than one year.  He also claims that BOP has not always given him the medication he needs to control his type 2 Diabetes.

Assuming that Saldana has exhausted his administrative remedies by requesting a release and hearing nothing for 30 days, his motion must nevertheless be denied for

**Memorandum Decision & Order – page 2**

several reasons. First, granting the motion would release the defendant almost seven years early. Second, he complains about a lack of monitoring for his cancer but he received the recommended MRIs last year and received another on May 1, 2020. Finally, the defendant does have health concerns that put him at risk for a serious reaction if he contracts the COVID-19 virus, but at the same time he is a career offender who has been convicted of trafficking methamphetamine four times. If the defendant is released, he will likely return to selling methamphetamine, causing a serious risk to others in the community. Under the statute discussed above, the Court must find that "the defendant is not a danger to the safety of any other person or to the community." The Court cannot make that finding.

For all these reasons, the motion will be denied.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for compassionate release (docket no. 44) is DENIED.

DATED: June 1, 2020

B. Lynn Winmill
U.S. District Court Judge